**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 4:03-cr-40210 WDB-2 (KAW)** |
| Plaintiff, | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION** |
| **ALI H. KHAN,** | |
| Defendant. | |

Defendant Ali H. Khan filed a motion for early termination of his probation. The government opposed the motion. The Court held a hearing on the motion on July 11, 2012. For the reasons given below, the Court denies Defendant's motion for early termination of probation, but modifies the conditions of Defendant's probation.

**I. Background**

Defendant pleaded guilty to aiding and abetting the delivery of a fraudulent document to the Secretary of the Treasury. Dkt #157 at 1. He agreed to cooperate with the US Attorney's office and testify against his codefendant. *Id.* at 8. He was sentenced to 5 years of probation. *Id.* at 7.

In his moving papers, Defendant argues that he has been fully compliant during the period of his probation and cooperated with the government to help convict his codefendant. Dkt #191 at 1. He argues that his continued supervision is a waste of government resources. *Id*. The only other reason Defendant gives in his brief for early termination of his probation was that "he has experienced a significant impairment in the ability to find work, particularly because most of the jobs he qualifies

for require him to drive to various locations in the Bay Area," and that his travel restrictions have impaired his ability to attend various family functions, including a funeral. *Id.* at 2.

The hearing on Defendant's motion for early termination of probation was originally set for June 19, 2012. On this date, the Court noted that there did not appear to be a basis for early termination and that, if necessary, Defendant's conditions of release could be modified to allow him to travel outside the district for work. Defendant then asserted, for the first time, that he was seeking early termination of his probation because he wanted to move to Denver, Colorado, as his wife had just gotten a new job there. It was not entirely clear, however, that the job offer was final at that time. The Court continued the hearing until July 11, 2012, in order to give the government and the U.S. probation office an opportunity to evaluate and respond to this new argument.

The probation office prepared a memo dated July 2, 2012, stating that the office did not support early termination from supervision. Probation officer Amy Rizor interviewed Defendant. Contrary to his assertion in the prior hearing, Defendant stated that he had not yet decided whether he wanted to move with his wife to Denver, as she hoped to get transferred back to San Jose. Ms. Rizor informed Defendant that he could easily obtain permission from the probation office or the court to travel to Denver to visit his wife. Defendant stated that he wanted his probation terminated because he had been unable to accept a job with a company that would have required him to drive outside of the district to cities like Stockton and Sacramento. Ms. Rizor informed him that he could be granted permission to travel outside the district for employment purposes. Defendant stated that his probation should be terminated because it was "tedious," a "burden," and was taking a toll on his health.

Ms. Rizor's report also stated that Defendant was on the lowest level of supervision possible. His obligations consisted only of completing a monthly report, which could be submitted online, and notifying the office of any contact with law enforcement or any changes in his circumstances.

The Court held a further hearing on Defendant's motion on July 11, 2012. Defendant was present at the hearing and was represented by attorney Seth Chazin. The government was represented by Assistant United States Attorney Kirstin Ault. Ms. Rizor was present on behalf of the U.S. Probation Office.

At the hearing, Defendant gave an additional reason for early termination of probation: that the psychological impact of government supervision was particularly great for him because he was of Middle Eastern descent.

**II.  Analysis**

Early termination of probation is governed by 18 U.S.C. § 3564(c), which states: "The court, after considering the factors set forth in section 3553(a) to the extent they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor..., if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *See also United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished decision) (early termination reserved for rare cases of "exceptionally good behavior").

The 18 U.S.C. § 3553(a) factors most relevant to the early termination of probation are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*Id.*  The Court considers each of these factors.

Given the nature and circumstances of Defendant's crime and Defendant's history and characteristics, as well as Defendant's conduct while on probation thus far, there is no indication that Defendant is likely to offend again if his probation is terminated early.  Therefore, terminating his probation early would likely not endanger the public.  However, the need for deterrence and the fact that Defendant already received a relatively light sentence weigh in favor of Defendant serving the entire length of his sentence.  Defendant has no vocational needs that are in conflict with his remaining on probation, as his probation can be modified to allow him to travel for work.  Nor is Defendant under any obligation to pay restitution.

Defendant has provided no persuasive reasons why his sentence should be modified in the interests of justice. Defendant is currently on the lowest level of supervision. His most significant obligation while on probation is completing one report each month, which can be submitted online. There is no reason why Defendant should be relieved of this simple requirement. Defendant would also like to be able to visit his adult children who live outside of California, and to be free to travel throughout California for work. The Court will modify Defendant's probation to allow him to visit his wife if she moves to Denver. If Defendant decides to move to Denver to be with his wife, he may seek a transfer of his probation to that district. The Court will also modify Defendant's probation to allow him to travel outside of the district so that he can visit children out of state. The Court rejects Defendant's argument that his ethnic background somehow makes serving his probation unjustly onerous, and finds that the cost for such low-level supervision is minimal.

Although it is true that Defendant's conduct has been good--that is, he has complied with all of the terms of his probation thus far--the interests of justice do not require that Defendant's probation be terminated early.

### III. Conclusion

Defendant's motion for early termination of his probation is denied. However, the terms of his probation are hereby modified to allow him to travel outside the district. He must notify his probation officer by phone if he intends to travel outside of California. In addition, Defendant must seek and receive prior authorization from his probation officer in order to travel internationally.

IT IS SO ORDERED.

**DATE: July 13, 2012**

**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**